■ QUEEN MANAGEMENT CORP., Respondent, v. WILDER TRANSPORTATION, INC., et al., Appellants.— In an action, in which the complaint alleged four causes of action arising out of nonpayment of rent for the lease of two station wagons, the defendants, by permission of this court, appeal from an order of the Appellate Term of the Supreme Court, dated January 21, 1964, which affirmed an order of the County Court, Westchester County, entered October 17, 1963, granting plaintiff partial summary judgment on the first and third causes of action, directing an assessment of the damages to be made by the court upon such two causes of action; dismissing the defendants' counterclaim, and denying defendants' cross motion for summary judgment. Order of Appellate Term affirmed, with costs. In the third cause of action plaintiff seeks to recover the sum of $80 and the sum of $1,350, as the reasonable expense and attorneys' fees respectively, incurred by it in repossessing the vehicles by reason of defendants' default. This cause of action is based on paragraph 23 of the lease between the parties, which provides that in the event of default plaintiff shall be entitled to "reasonable attorneys' fees and costs of repossession." It is undisputed that the plaintiff, peacefully and without legal proceedings, regained possession of the vehicles or repossessed them as a result of their voluntary surrender by the defendants. Under the circumstances, since plaintiff had actually repossessed the vehicles it would be entitled to

924

recover the reasonable attorneys' fees and reasonable costs of repossession, but only if and to the extent that such costs were *necessarily* incurred in order to regain the possession — bearing in mind that defendants voluntarily relinquished possession. Hence, whether plaintiff actually sustained any such damage and the amount thereof in repossessing the vehicles are questions which the trier of the facts will be required to determine on the assessment of the damages upon the third cause of action, as directed by the order of the County Court granting summary judgment. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.